UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDGAR FERNANDEZ, on behalf of himself,
individually, and on behalf of all others similarly-situated,

                Plaintiff,

   -against-

PINNACLE GROUP NY LLC,
and JOEL WEINER, individually,

                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Docket No.: 21-cv-10702

Jury Trial Demanded

Plaintiff, EDGAR FERNANDEZ, on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs," as that term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PINNACLE GROUP NY LLC ("Pinnacle"), and JOEL WEINER, individually ("Weiner"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows::

**NATURE OF CASE**

1. This is a civil action for damages and other redress based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), as well as any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff has worked for Defendants - - a New York limited liability company that provides property management services to approximately 155 residential apartment buildings throughout New York City and its owner and day-to-day overseer - - as a superintendent in a Manhattan building from 2004 to present.

1

3. As described below, throughout the entirety of Plaintiff's employment, but as is relevant herein, for at least the three-year period pre-dating the commencement of this action ("the Relevant Time Period"), Defendants have willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA. Specifically, during the Relevant Time Period, Defendants have scheduled Plaintiff to work, and Plaintiff has worked, over forty hours virtually each week. Moreover, Defendants have required Plaintiff to be on-call and engaged to work virtually every hour of every day, even outside of scheduled hours. However, as indicated on his paystubs, Defendants have paid Plaintiff for only the first forty hours that he works each week, and thus Defendants have not paid Plaintiff any wages for any hours that he has worked over forty in a week, in violation of the overtime provisions of the FLSA.

4. Defendants have paid and treated all of their superintendents in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who have suffered damages as a result of Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## **PARTIES**

8. At all times during the Relevant Time Period, Plaintiff has worked for Defendants in New York and has been an "employee" entitled to protection as defined by the FLSA.

9. At all times during the Relevant Time Period, Defendant Pinnacle was and is a limited liability company operating and existing under the laws of New York, which has a principal place of business located at One Penn Plaza, Suite 4000, New York, New York 10001.

10. At all times during the Relevant Time Period, Defendant Weiner was and is the owner and day-to-day overseer of Defendant Pinnacle. In that role, Weiner manages and oversees the day-to-day operations of Pinnacle and is ultimately responsible for making all personnel-related decisions for Pinnacle, including but not limited to the hiring and firing of all employees and the setting of employees' hours, rates, and methods of pay, including those decisions with respect to Plaintiff. Weiner is also responsible for maintaining employment records for all employees, including Plaintiff.

11. At all times during the Relevant Time Period, Defendants were and are "employers" within the meaning of the FLSA. Additionally, during that time, Pinnacle's qualifying annual business has exceeded and exceeds $500,000, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as Pinnacle employed and employs two or more employees, and as it has regularly works with parts, materials, cleaning supplies, and tools that have originated in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise with respect to all of Defendants' employees.

**COLLECTIVE ACTION ALLEGATIONS**

12.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, performed any work for Defendants as a superintendent, or in another similar position, and who consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13.     Defendants have treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs have: (1) performed similar tasks, as described in the "Background Facts" section below; (2) been subject to the same laws and regulations; (3) been paid in the same or similar manner; (4) been required to work in excess of forty hours in a workweek; and (5) not been paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14.     At all times during the Relevant Time Period, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully have chosen and continue to choose not to do so.

15.     Indeed, Plaintiff, and some FLSA Plaintiffs, have lodged numerous complaints to Defendants throughout their employment that Defendants are not paying them overtime compensation in accordance with the law, but Defendants have not only continued not to do so, but they have threatened Plaintiff and some FLSA Plaintiffs that if they documented working any hours beyond forty in a week then they would not receive their paychecks.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

17. Defendant Pinnacle is a New York limited liability company that provides property management services to approximately 155 residential buildings throughout New York. Defendant Weiner owns, manages, and oversees the business on a day-to-day basis, and as detailed above, he is responsible for making all personnel-related decisions with respect to all of Pinnacle's employees.

18. From 2004 until the present, Plaintiff has worked for Defendants as a live-in, on-site superintendent at the sixty-unit residential building that Defendants manage that is located at 44 Seaman Avenue, New York, New York 10034.

19. In that role, Plaintiff's duties include, but are not limited to, ensuring the cleanliness of the common areas, responding to tenant complaints and concerns at all hours of the day or night on any day of the week, repairing and painting walls, doors, and ceilings, and installing and repairing cabinets, sinks, and other fixtures.

20. Throughout at least the Relevant Time Period, Defendants have scheduled Plaintiff to work, and Plaintiff has worked, at least five days each week, Monday through Friday, as well as additional weekend hours during some weeks.

21. Specifically, from Monday through Friday, Defendants have scheduled and required Plaintiff to work, and Plaintiff has worked, from 8:00 a.m. until 6:00 p.m., without any scheduled or uninterrupted breaks, for a total of at least fifty hours of scheduled work per week. In some weeks, Defendants have also scheduled Plaintiff to work from 8:00 a.m. until at least

12:00 p.m. on Saturday and/or Sunday, without any scheduled or uninterrupted breaks.  Thus, in certain weeks, Defendants have scheduled Plaintiff to work, and Plaintiff has worked, either fifty-four or fifty-eight hours.

22. Moreover, besides his regularly-scheduled shifts, Defendants have also required Plaintiff to be on call and available to work during every hour of every day during any day of the week.  Indeed, Defendants' tenants often call Plaintiff past his scheduled hours, at all hours of the night, to tend to their concerns and emergency maintenance issues that require immediate attention. When that occurs, which it does frequently, Defendants require Plaintiff to respond to these issues within minutes of receiving the call.

23. Indeed, Defendants have never advised Plaintiff that he is relieved from duty for a certain period of time and have never provided Plaintiff with a period of time during which Plaintiff could engage in purely personal or private pursuits without the threat of being interrupted or called back to work by a tenant concern.

24. Throughout at least the Relevant Period, as reflected on his paystubs, Defendants have paid Plaintiff at the rate of $22.00 per hour for only the first forty hours that Plaintiff works in a week, and thus Defendants have not paid Plaintiff at all, and certainly not at the rate of one and one-half times his regular rate, for any hours that he has worked or has been engaged to wait to work that are in excess of forty in a week.

25. By way of example only, for the week of January 24 through January 30, 2021, Defendants scheduled Plaintiff to work, and Plaintiff did work, fifty-four hours, according to the following schedule, without any scheduled or uninterrupted breaks during any shift:

       Sunday, January 24, 2021: No scheduled hours;

       Monday, January 25, 2021: 8:00 a.m. to 6:00 p.m.;

>Tuesday, January 26, 2021: 8:00 a.m. to 6:00 p.m.;
>
>Wednesday, January 27, 2021: 8:00 a.m. to 6:00 p.m.;
>
>Thursday, January 28, 2021: 8:00 a.m. to 6:00 p.m.;
>
>Friday, January 29, 2021: 8:00 a.m. to 6:00 p.m.;
>
>Saturday, January 30, 2021: 8:00 a.m. to 12:00 p.m.

In addition to those scheduled shifts, Defendants also required Plaintiff to remain on-call at all other times.  For his work this week, Defendants paid Plaintiff at his regular hourly rate of $22.00 for forty hours of work and nothing at all for his remaining scheduled hours or for his on-call time.

26. Defendants have treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

27. Defendants have acted in this manner to maximize their profits and minimize their labor costs and overhead.

28. Each hour that Plaintiff and FLSA Plaintiffs have worked or have been engaged to wait to perform work has been for Defendants' benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
### *Unpaid Overtime Under the FLSA*

29. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

31. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

32. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

33. Defendants willfully violated the FLSA.

34. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

35. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## **DEMAND FOR A JURY TRIAL**

Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

   d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

   e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

   f. Liquidated damages and any other statutory penalties as recoverable under the FLSA;

   g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, and an award of a service payment to Plaintiff;

   h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

   i. Interest, as provided by law; and

j.  Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
      December 14, 2021

                                      Respectfully submitted,

                                      BORRELLI & ASSOCIATES, P.L.L.C.
                                      *Attorneys for Plaintiff*
                                      910 Franklin Avenue, Suite 200
                                      Garden City, New York 11530
                                      Tel. (516) 248-5550
                                      Fax. (516) 248-6027

                 By:     /s/ Kelly A. Magnuson
                                      KELLY A. MAGNUSON, ESQ. (KC 0234)
                                      ALEXANDER T. COLEMAN, ESQ. (AC 1717)
                                      MICHAEL J. BORRELLI, ESQ. (MB 8533)