USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/18/2022_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EDGAR FERNANDEZ, on behalf of himself,
individually, and on behalf of all others similarly
situated,

      Plaintiff,

          v.

PINNACLE GROUP NY LLC, and JOEL
WEINER, individually,

      Defendants,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 1:21-cv-10702-AT

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Protective Order (the "Order") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit, and any other materials and information disclosed or provided in the above-referenced action (the "Action").

1.      All Information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

2.      When used in this Order, the term:

      (a)      "Confidential Information" shall mean all documents and testimony, and all information contained therein, containing:

            (i)      trade secrets or other confidential research, development, financial, proprietary, accounting, evaluative, or commercial information; or

            (ii)      sensitive, non-public information.

      (b)      "Disclosing Party" shall refer to any party to this Action and any non-party disclosing or producing Confidential Information or Confidential-Restricted Information in connection with this Action.

      (c)      "Discovery Material" shall refer to all documents, items, or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

      (d)      "Document" shall have the same meaning as provided in FRCP 34 and Local Civil Rule 26.3, and shall include, without limitation, all original, written,

recorded, electronic, or graphic materials, and all copies, duplicates, or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

      (e)    "Information" shall include individual documents and records (including associated metadata) whether on paper, film or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

      (f)    "Receiving Party" shall refer to any party to this Action and any non-party that receives Confidential Information or Confidential-Restricted Information.

      3.    A Disclosing Party's designation of Discovery Material as Confidential Information  constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

      4.    Unless otherwise ordered by the court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

      (a)    counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

      (b)    the parties;

      (c)    Defendants' in-house counsel, officers, directors, and employees to whom disclosure is reasonably necessary for this Action;

      (d)    experts, consultants, or investigators, including their staff;

      (e)    outside photocopying or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

      (f)    the Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

      (g)    court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action;

      (h)    during their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary;

      (i)    any mediator or arbitrator engaged by the named parties in connection with this Action;

(j)     the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

(k)     other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

5.      Designation of documents or other material as Confidential may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend "CONFIDENTIAL" on each page deemed Confidential in a manner that does not interfere with the legibility of the document.  The Disclosing Party must limit designations of Confidential to only those parts of documents, testimony, or material that are clearly identified as containing Confidential Information and must specify for each portion the level of protection being asserted. When information designated Confidential is disclosed in a form not appropriate for such placing or affixing, such information shall be designated as Confidential in writing at the time it is delivered to the Receiving Party.

6.      A Disclosing Party may designate as Confidential any portion of a transcript from a deposition or a transcript from other pretrial or trial proceedings deemed to contain such material.  The Disclosing Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential Information ("Confidential Testimony") either orally at the deposition or in writing no later than 14 calendar days after receipt from the court reporter of the final deposition transcript.  During such 14-day period, the parties shall treat the entire transcript as Confidential. The reporter shall mark "CONFIDENTIAL" or on the face of the transcript at the beginning and end of any portions of Confidential Testimony.  Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential Information and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

7.      Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential Information shall be shown a copy of this Order and be advised of its contents.

8.      Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential Information is not further disclosed or used in any manner inconsistent with this Order.  The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material. Confidential Information may be disclosed only to the named plaintiff and not to any other member of the putative collective unless and until that individual has filed an opt-in form.

9.     Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Confidential Information.  If the Disclosing Party disseminates its own Confidential Information outside of the confines of this Order, such information shall no longer be subject to this Order.  In addition, nothing in this Order shall prevent or in any way limit disclosure, use, or dissemination of any Confidential Information that:

(a)     is or became public knowledge, not in breach of this Order;

(b)     was acquired by a party from a non-party having the right to disclose such information; or

(c)     was learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

If a dispute arises as to disclosure limitations for any specific information, the burden shall be on the party seeking to keep the information Confidential to prove that such information qualifies as Confidential as that term is defined in paragraph 2a above.

10.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

11.     If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Confidential Information that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by the Disclosing Party whose Confidential Information may be affected.

(a)     The Disclosing Party must notify the Receiving Party within 7 calendar days of receiving the notice and accompanying information if it intends to seek a protective order from the court to avoid disclosure of the Confidential Information.

(b)     If the Disclosing Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the Disclosing Party consents to such production in writing.  The Disclosing Party shall bear the burden and expense of seeking protection of its Confidential Information in the court that issued the subpoena or court order.

(c)     If the Disclosing Party fails to object or seek a protective order from the court within 14 calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Confidential Information  responsive to the subpoena or court order.

(d)      Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

12.      Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice by the Disclosing Party.  If such notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as Confidential  to the extent that such documents, materials, or testimony fall within the definition of Confidential Information.  Therefore, the Receiving Party should notify any non-party to whom disclosure was made about the confidentiality designation. This paragraph shall not apply to any documents that have already otherwise become publicly available.

13.      If a Disclosing Party identifies produced Discovery Material that it believes is privileged, it shall notify the Receiving Party's counsel in writing, and identify the Discovery Material that it claims is privileged.  Upon receipt of notification that privileged Discovery Material was produced, the Receiving Party shall immediately destroy or return the Discovery Material claimed to be privileged, and any copies thereof, and confirm to the Disclosing Party in writing that all electronic copies of the document have been returned, deleted, or otherwise destroyed.  The Disclosing Party shall update its privilege log to reflect the Discovery Material that it produced.  This paragraph does not constitute a waiver of the Receiving Party's right to challenge the claim of privilege after the Discovery Material in question has been returned or destroyed.

14.      No party shall be obligated to challenge the propriety of a designation of Confidential Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.  If, at any time, a party objects to a designation of Confidential Information under this Order, the objecting party shall notify the Disclosing Party in writing. Within 14 calendar days of receipt of such notification, counsel for the disclosing party and the objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Confidential Information.  If, for whatever reason, the parties do not resolve their disagreement within that time period, the parties shall submit their dispute to the Court for resolution in accordance with the procedures set forth below.  The documents subject to that application will be treated as Confidential until the Court rules. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any documents as Confidential or preventing any party from seeking further protection for any material it produces in discovery.  The burden of persuasion in any challenge to the propriety of a Confidential designation shall be on the party who made the designation.

15.      Any party wishing to file Confidential Information in connection with a motion, brief, or other submission to the court must comply with applicable Court rules.

16.     Within 21 calendar days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Confidential Information to the Disclosing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential Information may have been reproduced or captured. Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Disclosing Party by the 21-day deadline that (a) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Information. Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information . Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

17.     The parties to this Action may designate information produced by other parties or non-parties as Confidential as consistent with the terms and provisions of this Order.

18.     If a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated.

19.     This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order.  A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.  In the event that Confidential Information is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Disclosing Party applies for and obtains an order from the court specifically maintaining the confidential status of particular material.  Before any court proceeding in which Confidential Information is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information..

20.     Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

21.     The parties agree that a designation of information as Confidential is not intended to be and shall not be construed as an admission that the Confidential Information is relevant to a party's claims or defenses, nor subject to an applicable privilege or protection.

22.     The treatment accorded under this Order shall survive the termination of this Action.

23.     This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

[SIGNATURE PAGE FOLLOWS]

Dated: July 12, 2022

New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:     */s/ Gabrielle Levin*
Mitchell Karlan
Gabrielle Levin
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.3901
mkarlan@gibsondunn.com
glevin@gibsondunn.com

*Counsel for Defendants*

Dated: July 11, 2022

Garden City, New York

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.

By:
Caitlin Duffy
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
cd@employmentlawyernewyork.com

*Counsel for Plaintiffs*

**SO ORDERED.**

Dated:  July 18, 2022

New York, New York

Hon. Analisa Torres

United States District Judge